TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00825-CV






Robert Cole and Bonnie Cole, Appellants


v.


Motor Vehicle Board of the Texas Department of Transportation and

Georgie Boy Manufacturing, Inc. n/k/a Georgie Boy Manufacturing, LLC, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. GN500770, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 This is an administrative appeal from an order of the Motor Vehicle Board of the
Texas Department of Transportation (Board) denying relief on a vehicle warranty complaint brought
by Robert and Bonnie Cole following a contested-case hearing. See Tex. Occ. Code Ann.
§ 2301.204 (West 2004). (1) The district court affirmed the order. In two issues, the Coles argue that
the Board lacked statutory authority to make fact findings adverse to the Coles and that both the
Board and district court lacked subject-matter jurisdiction because the Coles were not proper parties
and lacked standing. We will affirm the district court's judgment.

 This proceeding arises in the context of the "hybrid claims resolution process"
discussed by the Texas Supreme Court in Subaru of America, Inc. v. David McDavid Nissan, Inc.,
84 S.W.3d 212, 222-26 (Tex. 2002). The underlying controversy concerns a 1994 Georgie Boy
motor home purchased by the Coles in June 1994. The Coles claim to have encountered numerous
problems with the motor home relating chiefly to overheating and handling difficulties. In 1995, the
Coles filed suit in Hays County against the dealer who sold them the motor home, Interstate R.V.
Center. They later amended their complaint to allege claims against the manufacturer of the vehicle,
appellee Georgie Boy, Inc.; the manufacturer of the vehicle's chassis, Spartan Motors, Inc.; and
the engine manufacturer, Cummins Engine Company. The Coles asserted claims under the
DTPA, alleging, among other theories, breach of warranty. The lawsuit was later abated and, in
2004, the Coles sent the Board a letter "to file a complaint for unresolved warranty issues" under
section 2301.204 of the occupations code. (2)
 The Board responded with a letter assigning them a
"case advisor" and transmitting a form for filing a "Lemon Law" complaint See Tex. Occ. Code
Ann. §§ 2301.601-.613 (West 2004 & Supp. 2007). The Coles completed the Lemon Law form and
filed it with the Board. The matter was docketed with the Coles designated as "complainant" and
the three manufacturers as "respondents." Spartan moved to dismiss the complaint as untimely. The
ALJ granted Spartan's motion and dismissed the complaint, ruling that the vehicle warranties had
long since expired and that the Coles had "failed to present a prima facie case that would entitle them
to relief under Section 2301.204" because the passage of time "rendered attribution of cause with
any degree of legal certainty unfeasible." The Coles filed a motion for rehearing with the Board.

 In their rehearing motion, the Coles urged that the Texas Supreme Court had decided
Subaru while their suit was pending and that "[i]n light of Subaru . . . and the broad language of
Section 2301.204 of the Occupations Code, it was prudent, if not mandatory, for the Complainant
to attempt to invoke the jurisdiction of the Board pursuant to section 204 prior to trying the pending
District Court case." The Board unanimously agreed, granting the Coles' rehearing motion and
remanding the matter to the ALJ. Subsequently, the Board gave notice of hearing "under the
authority of the Texas Occupations Code Annotated, Section 2301.204 . . . for the purpose of
receiving testimony and other evidence from the parties, to determine whether the Respondent[s]
ha[ve] failed to conform the Complainant's vehicle to the express warranty applicable to said vehicle
by failing to repair or correct defects or conditions which are covered by the warranty on the vehicle,
as alleged by Complainant, and to determine if Complainant is entitled to relief as provided by . . .
Section 2301.204."

 Pursuant to the notice, a contested case hearing was held in which the Coles presented
evidence (including the testimony of two experts) and argued that they "have satisfied their burden
to win this case. They have shown that defects exist, that they told the Respondents about the defects
but that the Respondents failed to repair the defects. So, the Coles should prevail." (3) The ALJ
concluded that there had been no warranty violations by the respondents. The ALJ specifically found
that Georgie Boy's express warranty had expired in 1995, that the company had not failed to uphold
its warranty obligations, and that "[t]he requirements of Section 2301.204 were not met because
the Complainants have not proven that any manufacturing related defective conditions currently
exist." The Coles moved for rehearing, which the Board denied by a 6-2 vote. The Coles then
sought judicial review in the district court. This district court affirmed the Board's order. This
appeal followed.

 The Coles acknowledge that they are appealing the Board's decision "solely to ensure
that the Board's arbitrary and capricious actions [do] not prejudice" the pending lawsuit in Hays
County under Subaru. At this juncture, they attempt to portray the Board proceeding they initiated
as a "public interest" complaint that the Board had authority only to "investigate" in its
"administrative" capacity. According to the Coles, the Board had statutory authority or jurisdiction
during this investigation merely to call them as witnesses, but could not act in a "judicial capacity"
to adjudicate their complaint, treat them as parties to a contested case or "adversarial action," or
make findings and rulings "against" them.

 On appeal, the Coles question whether their lawsuit presents code-based issues whose
determination by the Board would have binding effect under Subaru. As the Coles acknowledged
in their first motion for rehearing before the Board, however, their warranty complaints clearly
present code-based issues within the Board's exclusive jurisdiction. See Tex. Occ. Code Ann.
§§ 2301.204, .601-.613; see Subaru, 84 S.W.3d at 222-26.

 As we have previously observed, "[e]xactly what type of procedure the Texas
Supreme Court contemplated in Butnaru and Subaru" that the Board would use in the hybrid
claims-resolution process "remains somewhat unclear," Ford Motor Co. v. Butnaru, 157 S.W.3d
142, 148 (Tex. App.--Austin 2005, no pet.), but it remains that the Board has
exclusive jurisdiction within this scheme to decide code-based issues. See Buddy Gregg Motor
Homes, Inc. v. Motor Vehicle Bd. of Tex. Dep't of Transp., 156 S.W.3d 91, 102 (Tex. App.--Austin
2004, pet. denied). Moreover, "the legislature has granted the Board wide discretion to fashion
the procedural mechanisms through which it exercises its jurisdiction." Id. For example, in
Buddy Gregg, another Subaru case, we held that the Board had discretion under its enforcement
powers to permit a motor coach dealer to initiate a contested case proceeding to determine licensing
issues involving a rival company and to permit the dealer to participate in those proceedings as a
party. Id. at 101-02.

 Throughout each step of the agency proceedings, the Coles participated as parties in
an adversarial, contested-case process, presenting evidence and arguing that they had "satisfied their
burden to win this case." Such a process was contemplated by the Board's rules governing
complaints regarding warranty performance obligations. 16 Tex. Admin. Code §§ 107.1-.11 (2004). 
The Coles did not complain of this procedure until they filed their motion for rehearing before
the Board. Under Subaru and Buddy Gregg, we reject the Coles' arguments that the Board
lacked statutory authority or jurisdiction to adjudicate their code-based warranty issues
through the procedure it utilized. We accordingly overrule the Coles' issues (4) and affirm the
district court's judgment.



 ____________________________________________

 Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed: June 18, 2008

1. Because most of the underlying proceedings predated the legislature's 2005 abolition of
the Board and transfer of its functions to the motor vehicle division of the department of
transportation, we will refer to the agency as the Board. See Act of May 30, 2005, 79th Leg., R.S.,
ch. 281, § 7.01, sec. 2301.002(2), (10), 2005 Tex. Gen. Laws 778, 839.
2. The Coles' letter actually referenced "Section 2.04 of the Motor Vehicle Commission
Code." The Coles acknowledge that, as is apparent from their subsequent filings, they intended to
invoke section 2301.204 of the occupations code. Tex. Occ. Code Ann. § 2301.204(a) (West 2004).


 Section 2310.204 provides:


§ 2301.204. COMPLAINT CONCERNING VEHICLE DEFECT.


(a) The owner of a motor vehicle or the owner's designated agent may make a
complaint concerning a defect in a motor vehicle that is covered by a manufacturer's,
converter's, or distributor's warranty agreement applicable to the vehicle.


(b) The complaint must be made in writing to the applicable dealer, manufacturer,
converter, or distributor and must specify each defect in the vehicle that is covered
by the warranty.

 

(c) The owner may also invoke the board's jurisdiction by sending a copy of the
complaint to the board.


(d) A hearing may be scheduled on any complaint made under this section that is not
privately resolved between the owner and the dealer, manufacturer, converter, or
distributor.

3. Complainants' Closing Argument, at 2.
4. In addition to their two issues, the Coles assert in their statement of facts that "[t]he
Manufacturers . . . failed to provide substantial evidence." To the extent the Coles intend this as a
challenge to whether substantial evidence supports the Board's order, we agree with the Board
that the Coles have waived it by failing to identify any specific findings of fact or conclusions
of law they contend are not supported by the evidence. See Helle v. Hightower, 735 S.W.2d
650, 654 (Tex. App.--Austin 1987, writ denied).