# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-05-00825-CV

Robert Cole and Bonnie Cole, Appellants

v.

Motor Vehicle Board of the Texas Department of Transportation and
Georgie Boy Manufacturing, Inc. n/k/a Georgie Boy Manufacturing, LLC, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. GN500770, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an administrative appeal from an order of the Motor Vehicle Board of the Texas Department of Transportation (Board) denying relief on a vehicle warranty complaint brought by Robert and Bonnie Cole following a contested-case hearing. *See* Tex. Occ. Code Ann. § 2301.204 (West 2004).[1] The district court affirmed the order. In two issues, the Coles argue that the Board lacked statutory authority to make fact findings adverse to the Coles and that both the Board and district court lacked subject-matter jurisdiction because the Coles were not proper parties and lacked standing. We will affirm the district court's judgment.

---

[1] Because most of the underlying proceedings predated the legislature's 2005 abolition of the Board and transfer of its functions to the motor vehicle division of the department of transportation, we will refer to the agency as the Board. *See* Act of May 30, 2005, 79th Leg., R.S., ch. 281, § 7.01, sec. 2301.002(2), (10), 2005 Tex. Gen. Laws 778, 839.

This proceeding arises in the context of the "hybrid claims resolution process" discussed by the Texas Supreme Court in *Subaru of America, Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 222-26 (Tex. 2002). The underlying controversy concerns a 1994 Georgie Boy motor home purchased by the Coles in June 1994. The Coles claim to have encountered numerous problems with the motor home relating chiefly to overheating and handling difficulties. In 1995, the Coles filed suit in Hays County against the dealer who sold them the motor home, Interstate R.V. Center. They later amended their complaint to allege claims against the manufacturer of the vehicle, appellee Georgie Boy, Inc.; the manufacturer of the vehicle's chassis, Spartan Motors, Inc.; and the engine manufacturer, Cummins Engine Company. The Coles asserted claims under the DTPA, alleging, among other theories, breach of warranty. The lawsuit was later abated and, in 2004, the Coles sent the Board a letter "to file a complaint for unresolved warranty issues" under section 2301.204 of the occupations code.[2] The Board responded with a letter assigning them a

---

[2] The Coles' letter actually referenced "Section 2.04 of the Motor Vehicle Commission Code." The Coles acknowledge that, as is apparent from their subsequent filings, they intended to invoke section 2301.204 of the occupations code. Tex. Occ. Code Ann. § 2301.204(a) (West 2004).

Section 2310.204 provides:

§ 2301.204. COMPLAINT CONCERNING VEHICLE DEFECT.

(a) The owner of a motor vehicle or the owner's designated agent may make a complaint concerning a defect in a motor vehicle that is covered by a manufacturer's, converter's, or distributor's warranty agreement applicable to the vehicle.

(b) The complaint must be made in writing to the applicable dealer, manufacturer, converter, or distributor and must specify each defect in the vehicle that is covered by the warranty.

(c) The owner may also invoke the board's jurisdiction by sending a copy of the complaint to the board.

"case advisor" and transmitting a form for filing a "Lemon Law" complaint  *See* Tex. Occ. Code Ann. §§ 2301.601-.613 (West 2004 & Supp. 2007).  The Coles completed the Lemon Law form and filed it with the Board.  The matter was docketed with the Coles designated as "complainant" and the three manufacturers as "respondents."  Spartan moved to dismiss the complaint as untimely.  The ALJ granted Spartan's motion and dismissed the complaint, ruling that the vehicle warranties had long since expired and that the Coles had "failed to present a prima facie case that would entitle them to relief under Section 2301.204" because the passage of time "rendered attribution of cause with any degree of legal certainty unfeasible."  The Coles filed a motion for rehearing with the Board.

In their rehearing motion, the Coles urged that the Texas Supreme Court had decided *Subaru* while their suit was pending and that "[i]n light of *Subaru* . . . and the broad language of Section 2301.204 of the Occupations Code, it was prudent, if not mandatory, for the Complainant to attempt to invoke the jurisdiction of the Board pursuant to section 204 prior to trying the pending District Court case."  The Board unanimously agreed, granting the Coles' rehearing motion and remanding the matter to the ALJ.  Subsequently, the Board gave notice of hearing "under the authority of the Texas Occupations Code Annotated, Section 2301.204 . . . for the purpose of receiving testimony and other evidence from the parties, to determine whether the Respondent[s] ha[ve] failed to conform the Complainant's vehicle to the express warranty applicable to said vehicle by failing to repair or correct defects or conditions which are covered by the warranty on the vehicle,

---

(d) A hearing may be scheduled on any complaint made under this section that is not privately resolved between the owner and the dealer, manufacturer, converter, or distributor.

3

as alleged by Complainant, and to determine if Complainant is entitled to relief as provided by . . . Section 2301.204."

Pursuant to the notice, a contested case hearing was held in which the Coles presented evidence (including the testimony of two experts) and argued that they "have satisfied their burden to win this case. They have shown that defects exist, that they told the Respondents about the defects but that the Respondents failed to repair the defects. So, the Coles should prevail."[3] The ALJ concluded that there had been no warranty violations by the respondents. The ALJ specifically found that Georgie Boy's express warranty had expired in 1995, that the company had not failed to uphold its warranty obligations, and that "[t]he requirements of Section 2301.204 were not met because the Complainants have not proven that any manufacturing related defective conditions currently exist." The Coles moved for rehearing, which the Board denied by a 6-2 vote. The Coles then sought judicial review in the district court. This district court affirmed the Board's order. This appeal followed.

The Coles acknowledge that they are appealing the Board's decision "solely to ensure that the Board's arbitrary and capricious actions [do] not prejudice" the pending lawsuit in Hays County under *Subaru*. At this juncture, they attempt to portray the Board proceeding they initiated as a "public interest" complaint that the Board had authority only to "investigate" in its "administrative" capacity. According to the Coles, the Board had statutory authority or jurisdiction during this investigation merely to call them as witnesses, but could not act in a "judicial capacity"

---

[3] Complainants' Closing Argument, at 2.

to adjudicate their complaint, treat them as parties to a contested case or "adversarial action," or make findings and rulings "against" them.

On appeal, the Coles question whether their lawsuit presents code-based issues whose determination by the Board would have binding effect under *Subaru*. As the Coles acknowledged in their first motion for rehearing before the Board, however, their warranty complaints clearly present code-based issues within the Board's exclusive jurisdiction. *See* Tex. Occ. Code Ann. §§ 2301.204, .601-.613; *see Subaru*, 84 S.W.3d at 222-26.

As we have previously observed, "[e]xactly what type of procedure the Texas Supreme Court contemplated in *Butnaru* and *Subaru*" that the Board would use in the hybrid claims-resolution process "remains somewhat unclear," *Ford Motor Co. v. Butnaru*, 157 S.W.3d 142, 148 (Tex. App.—Austin 2005, no pet.), but it remains that the Board has exclusive jurisdiction within this scheme to decide code-based issues. *See Buddy Gregg Motor Homes, Inc. v. Motor Vehicle Bd. of Tex. Dep't of Transp.*, 156 S.W.3d 91, 102 (Tex. App.—Austin 2004, pet. denied). Moreover, "the legislature has granted the Board wide discretion to fashion the procedural mechanisms through which it exercises its jurisdiction." *Id*. For example, in *Buddy Gregg*, another *Subaru* case, we held that the Board had discretion under its enforcement powers to permit a motor coach dealer to initiate a contested case proceeding to determine licensing issues involving a rival company and to permit the dealer to participate in those proceedings as a party. *Id*. at 101-02.

Throughout each step of the agency proceedings, the Coles participated as parties in an adversarial, contested-case process, presenting evidence and arguing that they had "satisfied their

5

burden to win this case." Such a process was contemplated by the Board's rules governing complaints regarding warranty performance obligations. 16 Tex. Admin. Code §§ 107.1-.11 (2004). The Coles did not complain of this procedure until they filed their motion for rehearing before the Board. Under *Subaru* and *Buddy Gregg*, we reject the Coles' arguments that the Board lacked statutory authority or jurisdiction to adjudicate their code-based warranty issues through the procedure it utilized. We accordingly overrule the Coles' issues[4] and affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed: June 18, 2008

---

[4] In addition to their two issues, the Coles assert in their statement of facts that "[t]he Manufacturers . . . failed to provide substantial evidence." To the extent the Coles intend this as a challenge to whether substantial evidence supports the Board's order, we agree with the Board that the Coles have waived it by failing to identify any specific findings of fact or conclusions of law they contend are not supported by the evidence. *See Helle v. Hightower*, 735 S.W.2d 650, 654 (Tex. App.—Austin 1987, writ denied).